UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PATRICK LARZIK and JOANNE LARZIK,** | Civ. No. 2:12-05831 (WJM) |
| **Plaintiff,** | |
| **v.** | **OPINION** |
| **LOCAL 464A UNITED FOOD AND COMMERCIAL WORKERS UNION WELFARE SERVICE BENEFIT FUND,** *et al.*, | |
| **Defendants.** | |

<u>**WILLIAM J. MARTINI, U.S.D.J.:**</u>

Plaintiff Patrick Larzik brings this action against Local 464A United Food and Commercial Workers Union Welfare Service Benefit Fund ("Defendant" or "the Fund"), alleging violations of ERISA, breach of contract, and bad faith.[1]  This matter comes before the Court on Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  There was no oral argument.  Fed. R. Civ. P. 78(b).  For the reasons set forth below, Defendant's motion to dismiss is **GRANTED**.

## I.     BACKGROUND

Patrick Larzik was a member of the United Food and Commercial Workers' Local Union No. 464A (the "Union").  Compl. ¶ 7.  The Fund is the Union's employee benefit plan.  *Id.* ¶ 3.  The terms of the benefit plan are spelled out in a plan document (the "Plan").  *See* Local 464A Group Reimbursement Welfare Plan for Full-Time Members Summary Plan and Description, ECF No. 12.

From October 1998 through May 5, 2012, Larzik worked as a meat cutter at A&P.  Compl. ¶ 6.  On June 18, 2011, a work-related injury forced Larzik to go on disability leave.  *Id.* ¶ 10, 11.  At a certain point after he went out on disability, Larzik was no longer entitled to health insurance under the Plan. As a consequence, Larzik signed up for

---

[1] Also named as a Plaintiff is Joanne Larzik, Patrick Larzik's wife.  Mrs. Larzik is Mr. Larzik's beneficiary under the Fund.  In addition to the Fund, the Complaint named the Great Atlantic & Pacific Tea Company ("A&P") as a defendant.  Larzik and A&P settled after this motion was filed.

COBRA continuation coverage on October 29, 2011. *Id.* ¶ 22.  COBRA refers to the Consolidated Omnibus Budget Reconciliation Act of 1985, 29 U.S.C. § 1161, *et seq.* "COBRA requires that group health plans grant 'qualified beneficiaries,' . . . who would lose coverage because of a 'qualifying event,' . . . the opportunity to elect to receive continuation coverage under the plan for 18 months following that event." *Communications Workers of America v. NYNEX Corp.*, 898 F.2d 887, 888 (2d Cir. 1990).

In December 2011, Larzik learned that his October 29, 2011 application for COBRA continuation coverage had not been accepted.  Larzik appealed to the Fund. Compl. ¶ 26.  In his appeal, Larzik asked to be reimbursed for private health insurance premiums and out-of-pocket medical expenses he incurred because his continuation coverage never went through.  Larzik also requested that his October 29, 2011 application be granted retroactively.

Before the appeal was decided, Larzik entered into a separation agreement with A&P (the "Agreement").  Meece Certification, Ex. E, ECF No. 5-3.  The Fund was not a signatory to the Agreement.  The Agreement provided that Larzik's employment at A&P would end effective May 5, 2012.  The Agreement gave Larzik a choice.  Larzik could choose to take a lump sum payment.  *Id.* at 1.  Alternatively, Larzik could choose to "continu[e] [his] existing company sponsored health insurance coverage for a total of 8 months after the Effective Date of this Agreement.  *Id.* at 1.  If Larzik chose the second option, A&P agreed to "continue to make contributions to the applicable health and welfare fund on [Larzik's] behalf." *Id.*

On June 15, 2012, the Fund granted Larzik's appeal in part and denied it in part. Meece Certification, Ex. F., ECF No. 5-3.  The Fund denied the appeal to the extent it sought reimbursement of private insurance premiums and out of pocket medical expenses.  The Fund granted the appeal to the extent it sought to provide Larzik with COBRA continuation coverage.  The Fund acknowledged that it made a mistake when it rejected Larzik's October 29, 2011 application for COBRA continuation coverage. Accordingly, the Fund offered to provide Larzik with COBRA continuation coverage retroactive to September 1, 2011.[2]  Larzik was given 45 days to provide the monthly contributions for September 2011 through April 2012.  If Larzik provided those monthly contributions, the Fund would take the money A&P provided pursuant to the Agreement with Larzik, and it would use that money to pay Larzik's COBRA premiums for May 2012 through December 2012.  It appears that Larzik failed to make his monthly contributions.  Though the Fund refused to provide Larzik with COBRA continuation coverage, it appears that the Fund has not returned the eight months' worth of policy premiums provided by A&P.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted.

---

[2] The coverage would not run from the date of Larzik's disability, June 18, 2011, because, under the terms of Plan, the Fund had to provide Larzik with health insurance from June 18, 2011 through August 31, 2011.  Plan at 9.

The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 129 S.Ct. at 1949 (2009).

"In evaluating motions to dismiss, courts consider 'allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.'" *Banco Popular v. Ghandi*, 184 N.J. 161 (2003) (citing *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir.), *cert. denied*, 543 U.S. 918, (2004)). A document forms the basis of a claim if the document is "integral to or explicitly relied upon in the complaint." *Lum*, 361 F.3d at 222 n.3 (citing *Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). "The purpose of this rule is to avoid the situation where a plaintiff with a legally deficient claim that is based on a particular document can avoid dismissal of that claim by failing to attach the relied upon document." *See Pension Benefit Guar. Corp.*, 998 F.2d at 1196. Considering such a document is not unfair to a plaintiff because, by relying on the document, the plaintiff is on notice that the document will be considered. *See Burlington Coat Factory*, 114 F.3d at 1426. For purposes of this motion to dismiss the Court will consider the Agreement, the Plan, and the Fund's partial grant and partial denial of the appeal, all of which are relied upon in the Complaint. *See* Compl. ¶¶ 14, 29, 33.

## III.   DISCUSSION

The Complaint asserts three causes of action, all labeled as Count I. First, Larzik brings a claim for wrongful denial of benefits under 29 U.S.C. § 1132(a)(1)(B). In addition to benefits, Larzik seeks restitution so that he can recover monies spent on private insurance premiums and out-of-pocket medical expenses. Larzik also wants to recover the premium payments A&P provided to the Fund. Second and third, Larzik brings claims for breach of contract and bad faith under state law based on a failure to provide benefits in accordance with the Agreement.

**A.     29 U.S.C. § 1132(a)(1)(B)**

The Employee Retirement Income Security Act of 1974 ("ERISA") provides that:

A civil action may be brought by a participant or a beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a)(1)(B) ("Section 1132(a)(1)(B)").  "A plaintiff seeking to recover under Section [1132(a)(1)(B)] must demonstrate that the benefits are actually 'due'; that is . . . she must have a right to benefits that is legally enforceable against the plan." *Hooven v. Exxon Mobil Corp.*, 465 F.3d 566, 574 (3d Cir. 2006).

Larzik seeks a declaration under Section 1132(a)(1)(B) that the Fund is "obligated to provide . . . health insurance benefits from June 2011 to the end of the buyout agreement, which includes COBRA thereafter."  Compl. Prayer for Relief ¶ 1.  The Fund moves to dismiss Larzik's Section 1132(a)(1)(B) claim.  First, it argues that Larzik is not entitled to COBRA continuation coverage from June 2011 through April 2012 because Larzik failed to pay the required premiums.  Second, the Fund argues that Larzik is not entitled to any kind of coverage—COBRA or otherwise—from May 2012 onwards based on the terms of the Plan.  The Court agrees with the Fund.

**1.     Larzik Is Not Entitled To COBRA Coverage From June 2011 Through April 2012.**

By its own acknowledgement, the Fund made a mistake when it failed to accept Larzik's October 29, 2011 application for COBRA continuation coverage.  To correct this mistake, the Fund offered to retroactively extend COBRA continuation coverage to Larzik.  But the Fund's offer was not unilateral.  In return for coverage, Larzik had to pay the premiums he would have paid had his application been accepted on October 29, 2011.  Nowhere in the Complaint does Larzik state that he paid these premiums.  Indeed, it appears that Larzik believes Defendant should retroactively provide him with COBRA continuation coverage free of charge.  The Plan provides otherwise: "[c]ontinuation coverage will be terminated before the end of the maximum period of coverage if: any required premium is not paid in full on time."  Plan at 38; *see also id.* at 36 ("[Q]ualified beneficiaries who elect COBRA continuation coverage must pay for COBRA continuation coverage.").  Accordingly, to the extent Larzik seeks COBRA continuation coverage from June 2011 through April 2012, his claim under Section 1132(a)(1)(B) is **DISMISSED WITH PREJUDICE**.

### 2.      Larzik Is Not Entitled To Coverage—COBRA Or Otherwise— Beginning May 2012 And Continuing to the Present.

The Agreement provided for the "continuation of existing company sponsored health insurance coverage for a total of 8 months after the Effective Date of this Agreement."  Agreement at 2.  Based on the Agreement, Larzik believes he was entitled to health insurance coverage through the Fund from May 2012 through December 2012. Larzik also believes that when this coverage ended in December 2012, he should have been given the opportunity to apply for COBRA continuation coverage.  Larzik is incorrect.

ERISA requires that "[e]very employee benefit plan shall be established and maintained pursuant to a written instrument[.]"  *Perreca v. Gluck*, 295 F.3d 215, 225 (2d Cir. 2002).  "[T]he writing requirement protects the plan's actuarial soundness by preventing plan administrators from contracting to pay benefits to persons not entitled to such under the express terms of the plan."  *Id.*

The Plan does not entitle Union members to eight months of health insurance coverage once they leave A&P.  Instead, as Larzik appears to concede, the Plan provides coverage for on-the-job employees of A&P.  Larzik argues that the Agreement transformed him into an active employee entitled to coverage under the Fund.  Contrary to Larzik's argument, the Agreement did not make Larzik an active employee. Moreover, the Fund never agreed to be bound by the Agreement.

Finally, the Fund did not have to give Larzik the opportunity to apply for COBRA coverage in January 2013.  The Plan provides that COBRA continuation coverage is a "continuation of Plan coverage when coverage would otherwise end because of a life event known as a 'qualifying event.'"  Plan at 36.  A reduction in work hours is a qualifying event.  *Id.*  Larzik experienced a qualifying event when he went on disability in June 2011.  The only additional possible qualifying event was Larzik's termination from A&P in effective May 5, 2012.[3]  In June 2012, after both qualifying events had passed, the Fund offered to provide Larzik with COBRA continuation coverage.  Larzik points to nothing in the Plan or the ERISA statute requiring the Fund to give Larzik a second opportunity to apply for COBRA continuation coverage in January 2013.

In sum, the Fund did not have to provide Larzik with health insurance from May 2012 through December 2012.  And the Fund did not have to offer Larzik COBRA continuation coverage in January 2013.  Accordingly, the Court will **DISMISS** Larzik's Section 1132(a)(1)(B) claim **WITH PREJUDICE**.

---

[3] There is authority suggesting that Larzik's termination did not constitute a qualifying event since he had already claimed a qualifying event based on disability.  *See Burgess v. Adams Tool & Eng'g, Inc.*, 908 F. Supp. 473, 477 (W.D. Mich. 1995) ("Inasmuch as Mr. Burgess experienced a qualifying event as a result of his reduction in hours, he cannot claim a second qualifying event resulting from his termination.").

## B.     RESTITUTION UNDER ERISA

Next, Larzik argues that he is entitled to restitution under ERISA.  Specifically, Larzik maintains that the Fund should pay for private insurance premiums and out-of-pocket medical costs Larzik incurred after June 2011.  Larzik also wants the Fund to return the eight months' worth of premium payments provided by A&P.  Opp. Br. at 6, ECF No. 10 ("Plaintiff is also seeking restitution of the funds the Welfare Fund is wrongfully withholding.").  Larzik's arguments are based on 29 U.S.C. § 1132(a)(3) ("Section 1132(a)(3)"), which Larzik does not cite in his brief, as opposed to Section 1132(a)(1)(B), which Larzik does cite in his brief.  This is not surprising, as private insurance premiums, out-of-pocket medical expenses, and premium payments do not appear to be "benefits" recoverable under Section 1132(a)(1)(B).

The Fund argues, correctly, that relief under Section 1132(a)(3) does not extend to private insurance premiums and out-of-pocket medical expenses.  *Calhoon v. Trans World Airlines, Inc.*, 400 F.3d 593, 595-98 (8th Cir. 2005); *see also Patrick v. Verizon Services Corp.*, No. 7-766, 2009 WL 2043914, at *14 (W.D.Pa. July 8, 2009); *Carstetter v. Adams County Transit Authority*, No. 6-1993, 2008 WL 2704596, at **12-13 (M.D.Pa. July 8, 2008).  However, it appears that Larzik could state a claim under Section 1132(a)(3) for the recovery of any policy premium payments currently held by the Fund.  *See McCravy v. Metropolitan Life Ins. Co.*, 743 F. Supp. 2d 511, 523-24 (D.S.C. 2009), overruled on other grounds, 690 F.3d 176 (4th Cir. 2012).  Larzik may amend his Complaint accordingly.

## C.     BREACH OF CONTRACT & BAD FAITH

Finally, Larzik argues that the Fund's "actions in failing to honor the terms of the Buyout Agreement entered into by the Plaintiffs constitute a breach of contract and bad faith."  Compl. ¶ 37.  Under ERISA, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is . . . pre-empted."  *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004).  Larzik's state law claims seek to recover benefits from the Fund.  Accordingly, Larzik's state law claims are preempted.

## III.   CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is **GRANTED**.  Larzik's claim under Section 1132(a)(1)(B), his claim for breach of contract, and his claim for bad faith are **DISMISSED WITH PREJUDICE**.  Within 30 days, Larzik may file an amended Complaint consistent with this opinion.  An appropriate order follows.

/s/ William J. Martini

**WILLIAM J. MARTINI, U.S.D.J.**

6

**Date: May 10, 2013**